UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
FREDDY RAUL ALVARADO QUEZADA,

                Petitioner,

       - against -

PAMELA BONDI, United States Attorney
General, *et al.*,

                Respondents.

--------------------------------------------------------x

**ORDER TO SHOW CAUSE**
26-CV-2013 (PKC)

PAMELA K. CHEN, United States District Judge:

Upon review of Petitioner Freddy Raul Alvarado Quezada's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), it is hereby ordered that:

1. Respondents shall**, by 6:00 p.m. on April 15, 2026**, show cause in writing why a writ of habeas corpus should not be issued and why Petitioner should not be immediately released. *See* 28 U.S.C. § 2243. If Respondents contend that Petitioner is detained under a statute other than 8 U.S.C. § 1226(a), their response must state what facts, if any, distinguish Petitioner's case from the vast majority of district court cases that have disagreed with Respondents' contention. *See Barco Mercado v. Franci*s, 811 F. Supp. 3d. 487, 494, 506 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In particular, Respondents are directed to state what distinguishes Petitioner's case from the numerous other cases in which the petitioner, who had resided in the United States for decades, was found to be improperly detained under 8 U.S.C. § 1225(b)(2). (Pet., Dkt. 1, at ECF[1] 2, 4); *Padilla Molina v. DeLeon*, No. 25-CV-6526 (JMA), 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) (compiling cases); *O.F.C. v. Almodovar*, No. 25-CV-9816 (LJL), 2026 WL 74262, at *5

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

(S.D.N.Y. Jan. 9, 2026) (explaining that courts have consistently found that § 1226(a) applies to noncitizens who entered without inspection and were later apprehended within the country); *Colindres v. Tellez*, No. 26-CV-0663 (PKC), 2026 WL 509493, at *2 (E.D.N.Y. Feb. 23, 2026) (concluding that, because a petitioner's appeal of a removal order was pending before the BIA, he could not be mandatorily detained, and § 1226(a) governed his detention).

2. To preserve the Court's jurisdiction pending a ruling on the Petition, Respondents are **restrained from removing Petitioner from the United States** until further order of this Court. *See M.K. v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (collecting cases ordering same).

3. Furthermore, considering Petitioner's interest in participating in proceedings before this Court and maintaining adequate access to legal counsel, Respondents are **restrained from transferring Petitioner to a facility outside of this District, the Southern District of New York, or the District of New Jersey** absent further order of this Court. *See Samb v. Joyce*, No. 25-CV-6374 (DEH) (S.D.N.Y. Aug. 4, 2025) (Dkt. 3) (collecting cases ordering same); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 8, 2026
Brooklyn, New York

2