UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
FREDDY RAUL ALVARADO QUEZADA,

               Petitioner,

        - against -

PAMELA BONDI, United States Attorney
General, *et al.*,

               Respondents.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-2013 (PKC)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Respondents' Response to the Court's Order to Show Cause. Respondents inform the Court that Petitioner has already filed—and was denied—a petition for writ of habeas corpus in the Southern District of New York. (Dkt. 9, at 1.) The current Petition before the Court makes no mention of the prior application or denial. (*See generally* Pet., Dkt. 1.) Yet Petitioner effectively asserts the same claims as those adjudicated in the prior case, *Freddy Raul Alvarado Quezada v. Ladeon et al.*, 26-CV-0387 (JPC), 2026 WL 380711 (S.D.N.Y. Feb. 11, 2026). Indeed, certain paragraphs of the new Petition are copied verbatim from his prior one. (*Compare* Pet., Dkt. 1, ¶ 5 ("Thereafter, Petitioner filed an EOIR Form 42B, Application for Cancellation of Removal for Non-Permanent Residents, based on his marriage to Laura Rojas Auquilla, a Lawful Permanent Resident (DOB: June 3, 1974). The couple married on December 17, 2025 and held a relationship for over 13 years. . . ."), *with* S.D.N.Y. Pet., Dkt. 9-1, ¶ 39 (same).)

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244(a).

Here, because the legality of Petitioner's detention has already been determined in *Quezada*, 2026 WL 380711, the Court dismisses the Petition. *See Simon v. United States*, 359 F.3d 139, 143 n.7 (2d Cir. 2004) ("[28 U.S.C.] § 2244(a) permits courts to dismiss [28 U.S.C.] § 2241 habeas petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition."); *McLean v. Warden, FCI Estill, ex rel. U.S.*, No. CIV.A. 9:13-3022-MGL, 2014 WL 4954882, at *6 (D.S.C. Sep. 30, 2014) (compiling cases reaching a similar outcome), *aff'd sub nom. McLean v. Warden, FCI Estill*, 599 F. App'x 78 (4th Cir. 2015); *Rodriguez Guevara v. Warden, Broward Transitional Ctr.*, No. 0:26-CV-60932, 2026 WL 925585, at *3 (S.D. Fla. Apr. 6, 2026) (holding that "[b]ecause the legality of Petitioner's detention has been determined—in fact, it has already been resolved against him—by another Judge in this District on a prior application for a writ of habeas corpus, the claims in the Third Petition are subject to threshold dismissal under § 2244(a)").

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: April 17, 2026
Brooklyn, New York